UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DONALD C. MacPHERSON, 10 BATHING
BEACH CO., INC., 16 BATHING BEACH
CO., INC.,

         Plaintiffs**,**  **MEMORANDUM AND ORDER**
               07-CV-3497 (DRH) (MLO)

  v.

TOWN OF SOUTHAMPTON,
SOUTHAMPTON TOWN BOARD,
STEPHEN A. FRANO, THE HONORABLE
JUSTICES of the SOUTHAMPTON TOWN
JUSTICE COURT and DOES 1-5,

         Defendants.
----------------------------------------------------------------X

**APPEARANCES:**

**For the Plaintiffs:**
**Patricia Weiss, Esq.**
78 Main Street #12
P.O. Box 751
Sag Harbor, NY 11963-0019

**For the Defendants Justices of the Southampton Town Justice Court:**
**Devitt Spellman Barrett, LLP**
50 Route 111
Smithtown, N.Y. 11787
By: Jeltie deJong, Esq.
  Kelly E. Wright, Esq.

**HURLEY, Senior District Judge**:

    Plaintiffs Donald MacPherson ("MacPherson"), 10 Bathing Beach Co., Inc. ("10 Bathing") and 16 Bathing Beach Co., Inc. ("16 Bathing") (collectively, "Plaintiffs") filed the present action against the Town of Southampton (the "Town), Southampton Town Board, Stephen A. Frano ("Frano"), and the Justices of the Southampton Town Justice Court (the "Justices") (collectively, "Defendants") challenging the Town's promulgation and enforcement

of its rental ordinances. The Justices move to dismiss the First Amended Complaint, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), insofar as the pleading asserts claims against them. The Justices also move for sanctions pursuant to Rule 11. For the reasons stated below, the Justices' motion to dismiss is granted and their motion for sanctions is denied.[1]

## BACKGROUND

The following summary of facts is taken from the First Amended Complaint.

Plaintiffs each own residential property in the Town, where MacPherson is a part-time resident. The two properties in question, 10 Bathing Beach Road and 16 Bathing Beach Road, are owned and operated by MacPherson through the 10 Bathing and 16 Bathing corporate entities, respectively. Plaintiffs rent both properties for residential use.

Frano, a Town code enforcement officer, visually inspected and otherwise researched the properties in question in June 2007. Frano concluded that the properties were in violation of several Town ordinances due to: (1) occupancy by renters without a permit, (2) lack of certificates of occupancy, and (3) improper gates on the properties' pool enclosures. On June 17, 2007, Frano filed three complaints against MacPherson in the Southampton Town Justice Court. Thereafter, on August 1, 2007, Justice Barbara L. Wilson issued a criminal summons against MacPherson for each of the houses directing that MacPherson "appear in person before this Court for arraignment." (First Am. Compl. ¶ 24.) The summonses further stated that an arrest warrant would issue if he failed to appear.

Plaintiffs allege, upon information and belief, that "JUSTICE WILSON may not have personally reviewed the complaints for legal sufficiency prior to issuance of a criminal

---

[1] The Town Defendants' motion to dismiss will be decided via separate Order.

summons because JUSTICE WILSON may have allowed a court clerk to use her 'name stamp' on the criminal summons, notwithstanding the strictures of the Fourth Amendment." (*Id.*)

Plaintiffs filed the instant action on August 22, 2007, asserting claims against Defendants under 42 U.S.C. § 1983 premised upon the alleged unconstitutionality of the Town rental law, as well as for common law indemnification for Plaintiffs' legal expenses. At that time, Plaintiffs alleged that MacPherson expected to be arraigned later that day for violations of § 330-71A of the Town Code, which provides that no dwelling shall be occupied as a seasonal rental unless the Town has issued a seasonal rental permit.

On October 6, 2007, Plaintiffs filed the First Amended Complaint. This amended pleading alleges that MacPherson was arraigned on the six charges (three per property) on August 22, 2007. (*Id.* ¶ 27.) Plaintiffs allege that § 330-71A "is unconstitutional on its face and as applied and therefore none of the Plaintiffs should be administratively required to follow it, nor judicially punished for failure to do so." (*Id.* ¶ 28.)

The First Amended Complaint asserts two claims against the Justices. (First Am. Compl. ¶ 10.) Count VII seeks various forms of declaratory relief, presumably against all Defendants. First, it seeks a declaration that the Town rental law is unconstitutional. As against the Justices, Count VII asserts as follows:

> Plaintiffs seek a declaration that the JUSTICES['] practice of allowing Clerks to use their 'name stamps' to issue criminal summonses prior to one of the JUSTICES carefully having reviewed the accusatory instrument and/or complaint for legal sufficiency violates the United States Constitution because "no warrants shall issue except upon reasonable cause."
>
> Plaintiffs seek a declaration that the JUSTICES['] practice of enforcement of the TOWN's "seasonal rental law" has violated the United States Constitution because that law is unconstitutional . . .

> Plaintiffs seek a declaration that it would be unconstitutional for the JUSTICES to enforce or adjudicate cases brought under the TOWN's new Rental Law because that law is unconstitutional . . . .

(*Id.* ¶¶ 134-36.)

Count VIII seeks a preliminary injunction seeking various forms of relief, including an injunction halting enforcement of the Town rental law until its constitutionality has been determined by this Court, an injunction halting the enforcement of the Town's manner of issuing criminal summonses for alleged violations of local law until its constitutionality has been determined by this Court, and an injunction "staying the pending criminal adjudication by the JUSTICES of any alleged violations by MacPherson or others concerning 10 Bathing Beach Road . . . and 16 Bathing Beach Road . . . until the constitutionality or unconstitutionality has been decided . . . ." (*Id.* ¶¶ 139-42.)

The Justices move to dismiss both counts on the grounds that the First Amended Complaint fails to state a claim and that Plaintiffs' claims are barred by the *Rooker-Feldman* doctrine and absolute judicial immunity. While, for the reasons indicated *infra*, the Court finds that the Rooker-Feldman doctrine is inapplicable and judicial immunity does not bar all of Plaintiffs' claims, the Justices' motion is nonetheless granted. As explained below, the Court finds that Plaintiffs' claims related to the practice of name-stamping fail to state a claim and Plaintiffs' claims regarding the alleged unconstitutionality of the Town rental law are barred by the *Younger* abstention doctrine.

The Justices also move for sanctions pursuant to Rule 11. For the reasons stated below, their motion for sanctions is denied.

## DISCUSSION

**I.**  *Motion to Dismiss: Legal Standards*

Rule 8(a) provides that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has recently clarified the pleading standard applicable in evaluating a motion to dismiss under Rule 12(b)(6).

First, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Court disavowed the well-known statement in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 550 U.S. at 562. Instead, to survive a motion to dismiss under *Twombly*, a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 555 (citations and internal quotation marks omitted).

More recently, in *Ashcroft v. Iqbal*, -- U.S. --, 129 S. Ct. 1937 (2009), the Supreme Court provided further guidance, setting forth a two-pronged approach for courts deciding a motion to dismiss. First, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be

supported by factual assumptions." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555)).

Second, "[w]hen there are well-pleaded factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1950. The Court defined plausibility as follows:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* at 1949 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted).

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a court must look to the allegations on the face of the complaint, but may also consider "[d]ocuments that are attached to the complaint or incorporated in it by reference." *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007). *See also Gillingham v. GEICO Direct*, 2008 WL 189671, at *2 (E.D.N.Y. Jan. 18, 2008) (noting that a court considering a motion to dismiss "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint") (citation and internal quotation marks omitted).

**II.** *Plaintiffs' Claims are Dismissed*

Plaintiffs seek both declarative and injunctive relief premised upon two distinct theories. First, Plaintiffs seek relief based upon the Justices' alleged practice of permitting their clerks to stamp the Justices' names to criminal summonses without having the Justices first

6

review the summonses for legal sufficiency. Next, Plaintiffs seek relief based upon the Justices'
practice of enforcing the allegedly unconstitutional Town rental law. The Court addresses
Plaintiffs' two theories separately below.

> **A.** *Plaintiffs' Claims Related to the Use of*
> *Name Stamps by Court Clerks are Dismissed*

The Justices advance several arguments as to why Plaintiffs' name-stamping claims should be dismissed, including their contention that these claims fail to state a cause of action under Rule 12(b)(6). The Court agrees.

Paragraph 52 of the First Amended Complaint alleges as follows:

> Upon information and belief, the JUSTICES are allowing the
> Clerk's [sic] to use their "name stamps" on criminal summonses
> without the JUSTICES first carefully reviewing the accusatory
> instruments for legal insufficiency.

(First Am. Compl. ¶ 52.) Plaintiffs seek both declaratory (Count VII) and injunctive (Count VIII) relief based on this practice, claiming that it violates the Fourth Amendment, which provides that "no Warrants shall issue, but upon probable cause." U.S. Const. amend IV.

The Justices argue that this allegation fails to state a claim because "it merely suggests that plaintiffs believe that the justices are not carefully reviewing the accusatory instruments for legal sufficiency" and is not "based upon personal knowledge." (Defs.' Mem. of Law at 4.) Plaintiffs counter that their claim is sufficient. Neither party presents the Court with any relevant authority, controlling, persuasive or otherwise.

In *Biegeleisen v. Ross*, 158 F.3d 59 (2d Cir. 1998), the Second Circuit held that "an otherwise valid IRS levy based on a notice signed with a signature stamp rather than an original signature does not violate the Due Process Clause of the Fifth Amendment to the United

States Constitution." *Id.* at 60. The Court noted that "no statute or regulation prohibits the use of signature stamps by federal agencies generally or the IRS in particular." *Id.* Finding that "[u]se of signature stamps by government agencies is a convenience necessary to their smooth functioning," the Court stated that "absent some concrete indication of misuse or fraud, we find no reason to doubt that a duly authorized signature stamp carries the same authority as an original signature." *Id.*

Here, the First Amended Complaint does not contain any plausible allegations suggesting misuse or fraud on behalf of the Justices. Instead, Plaintiffs merely allege in conclusory fashion that the Justices are not reading the summonses. Such allegations, standing alone, are insufficient to survive a motion to dismiss under Rule 12(b)(6).

In Plaintiffs' opposition brief, however, Plaintiffs attach an exhibit that they claim supports their claim of judicial impropriety. This exhibit is a criminal summons issued to an individual unrelated to this lawsuit by Justice Edward D. Burke, alleging various violations of the Town Code. The summons was issued on December 26, 2007. In their brief, Plaintiffs contend that although Justice Burke was elected to the Town Justice Court in November 2007, his term did not begin until January 2008. Thus, Plaintiffs argue:

> Justice Burke had not been sworn in as a Justice of the Southampton Town Justice Court until January 2008 so surely he was not "sitting" and reading complaints brought in by the TOWN's code enforcement officers in December 2007. So, Plaintiffs surely have a basis to allege that the JUSTICES are allowing the Clerks to use the 'name stamps' on criminal summonses which have not ever been judicially reviewed by the JUSTICE who is supposedly issuing that order.

(Pls.' Mem. in Opp'n at 5.)

While this allegation might be sufficient to pass muster under Rule 12(b)(6) as to

8

Justice Burke as it suggests "misuse or fraud," *Biegeleisen*, 158 F.3d at 60, here the summonses under attack were issued by Justice Wilson, and not Justice Burke. An allegation that one Justice committed improprieties cannot plausibly be extended to demonstrate misuse by all of the Justices. *See Iqbal*, 129 S. Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Thus, to the extent Plaintiffs rely on the summons issued by Justice Burke to claim a misuse or fraud by all of the Justices, their argument is unavailing. Plaintiffs' claims pertaining to the clerks' practice of name-stamping are dismissed.[2]

### B. *Plaintiffs' Claims Related to the Alleged Unconstitutionality of the Town Rental Laws are Dismissed*

Plaintiffs' remaining claims against the Justices concern their enforcement of the Town rental laws. Count VII seeks declaratory relief, specifically a declaration that the Justices' practice of enforcement of the Town's rental law has violated and continues to violate the Constitution. Count VIII seeks injunctive relief, specifically an injunction halting enforcement of the Town's rental law until its constitutionality has been determined by this Court, including an injunction staying the pending criminal adjudication against Plaintiffs. The Justices submit

---

[2] To the extent Plaintiffs suggest that they have a claim against Justice Burke based on the alleged improper use of his name stamp, Plaintiffs lack standing to assert such a claim. Plaintiffs were not parties to the state court proceeding involving the criminal summons issued by Justice Burke and were therefore not injured thereby. *See Kendall v. Employees Ret. Plan of Avon Prods.*, 561 F.3d 112, 118 (2d Cir. 2009) ("There are three Article III standing requirements: (1) the plaintiff must have suffered an injury-in-fact; (2) there must be a causal connection between the injury and the conduct at issue; and (3) the injury must be likely to be redressed by a favorable decision."); *W.R. Huff Asset Mgmt. Co. LLC v. Deloitte & Touche LLP*, 549 F.3d 100 (2d Cir. 2008) ("'Art[icle] III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'") (quoting *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982)).

9

that such claims are barred by the doctrines of *Rooker-Feldman* and absolute immunity. The Court begins with a discussion of the *Rooker-Feldman* doctrine.[3]

### A. *The Rooker-Feldman Doctrine*

*Rooker-Feldman* establishes the principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). The doctrine evolved from the Supreme Court decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983), which, taken together, stand for the principle that "lower federal courts lack jurisdiction to engage in appellate review of state-court determinations." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 21 (1987) (Brennan, J., concurring). The Supreme Court has explained that *Rooker-Feldman* "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting the district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In this Circuit, courts must make four determinations before applying the doctrine. *See Hoblock*, 422 F.3d at 84. First, the federal court plaintiff must have lost in state court. Second, the plaintiff must complain of injuries caused by a state-court judgment. Third,

---

[3] Because Plaintiffs lack standing to assert these claims against the Justices as a whole – as opposed to Justice Wilson who presides over Plaintiffs' state case – the Court dismisses Plaintiffs' claims as against all of the Justices except for Justice Wilson. *See Kendall*, 561 F.3d at 118; *Valley Forge Christian College*, 454 U.S. at 472. Accordingly, the Court's discussion of Plaintiffs' claims concerning the alleged unconstitutionality of the Town rental law will be directed to Plaintiffs' claims against Justice Wilson only.

10

the plaintiff must invite district court review and rejection of that judgment. Fourth, the state-court judgment must have been "rendered before the district court proceedings commenced." *Id.* at 85. The first and fourth requirements are procedural, whereas the second and third are substantive. *Id.* If all four requirements are met, federal subject matter jurisdiction is barred by *Rooker-Feldman*.

Here, the *Rooker-Feldman* doctrine is inapplicable because the procedural requirements outlined above have not been met. The First Amended Complaint does not allege that Plaintiffs "lost" in state court nor does it allege that a state-court judgment was rendered before this federal action was commenced. Instead, it alleges that the state proceeding is ongoing.[4] Accordingly, the Justices' motion to dismiss Plaintiffs' claims on the basis of *Rooker-Feldman* is denied. *Id.* at 85 ("*Rooker-Feldman* has no application to federal-court suits proceeding in parallel with ongoing state-court litigation.").[5]

**B.** *Absolute Immunity*

The Justices also argue that Plaintiffs' claims are barred by the doctrine of absolute judicial immunity. Under that doctrine, "judges generally have absolute immunity from suits for money damages for their judicial actions," *Bliven v. Hunt*, – F.3d –, 2009 WL 2700173, at *4 (2d Cir. Aug. 28, 2009), unless he or she "acted in the clear absence of all jurisdiction," *Huminski v. Corsones*, 396 F.3d 53, 75 (2d Cir. 2005) (quoting *Stump v. Sparkman*, 435 U.S. 349

---

[4] The Justices apparently concede as much as they advance no argument in their reply papers to counter Plaintiffs' assertion in their opposition brief that the doctrine is inapplicable.

[5] In support of their argument that the *Rooker-Feldman* doctrine applies, the Justices cite *Wood v. Inc. Village of Patchogue*, 311 F. Supp. 2d 344 (E.D.N.Y. 2004). *Wood* is distinguishable from the present case, however, in that Wood "entered a plea of guilty and paid a fine under protest" and was therefore presumably a state-court "loser." *Id.* at 349.

11

(1978)), or "if the action in question is not judicial in nature, as when the judge performs an administrative, legislative, or executive act." *Id.* Plaintiffs, however, do not seek damages against the Justices. Instead, they seek declaratory (both retroactive and prospective) and injunctive relief only. Although Plaintiffs emphasize this point in their opposition papers (*see*, *e.g.,* Pls.' Opp'n at 8, 14), the Justices continue to argue in their Reply Memorandum that they are immune from "liability" under the doctrine of absolute immunity and fail to address Plaintiffs' actual claims.

The Supreme Court has held that the doctrine of absolute immunity does not bar claims for prospective declaratory or injunctive relief. *See Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984); *Supreme Court v. Consumers Union, Inc.*, 446 U.S. 719, 735 (1980) ("[W]e have never held that judicial immunity absolutely insulates judges from declaratory or injunctive relief with respect to their judicial acts."). In 1996, the Congress, however, effectively reversed the Courts' rulings with regard to injunctive relief with the enactment of the Federal Courts Improvement Act of 1996, Pub.L. No. 104-317, 110 Stat. 3847 (1996) (amending 42 U.S.C. § 1983). As amended, § 1983 now provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Thus, the doctrine of absolute judicial immunity now extends to cover suits against judges where the plaintiff seeks not only monetary relief, but injunctive relief as well, unless preceded by a declaration, or by a showing that such declaratory relief is unavailable. *See, e.g.*, *Jacobs v. Mostow*, 271 Fed. Appx. 85, 88 (2d Cir. 2008) (unpublished opinion) (affirming dismissal of plaintiff's claims for prospective injunctive relief under Rule 12(b)(6)

12

where complaint failed to allege "a violation of a prior declaratory decree"); *Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) ("Montero . . . alleges neither the violation of a declaratory decree, nor the unavailability of declaratory relief. Montero's claim for injunctive relief is therefore barred under § 1983.").

Here, the practice by the Justices of adjudicating cases under Town rental laws is unquestionably judicial in nature. Thus, to the extent Plaintiffs' declaratory claims are retrospective in nature in that they seek a declaration that the Justices' past enforcement of the Town's rental law has violated the Constitution, they are barred by the doctrine of absolute immunity. *See, e.g.*, *LeDuc v. Tilley*, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) ("Declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

To the extent Plaintiffs seek prospective declaratory relief, viz. a declaration that the Justices' enforcement of the Town rental law constitutes a continuing violation of the Constitution, Plaintiffs' claims are not barred by judicial immunity. *See Francis v. Pellegrino*, 224 Fed. Appx. 107, 108 (2d Cir. 2007) (unpublished opinion) (finding that doctrine of judicial immunity not a bar to prospective declaratory relief.); *B.D.S. v. Southold Union Free Sch. Dist.*, 2009 WL 1875942, at *20 (E.D.N.Y. June 24, 2009) ("[T]he doctrine of absolute immunity does not extend to claims for declaratory relief based upon continuing violations of federal law."); *LeDuc*, 2005 WL 1475334, at *7 ("The doctrine of judicial immunity does not shield judges from claims for prospective declaratory relief.").

The question of whether Plaintiffs' claims for injunctive relief are barred by the amended version of § 1983 is more complicated. As noted above, such claims are barred unless

13

Plaintiffs allege that "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Plaintiffs cannot allege that declaratory relief is unavailable because Plaintiffs can, and indeed have, pursued a claim seeking a declaration that the Town rental law is unconstitutional. Plaintiffs argue, however, that they have plausibly alleged that "a declaratory decree was violated." In this regard, Plaintiffs' First Amended Complaint relies upon a declaration issued by the Second Department in *Anthony v. Town of N. Hempstead*, 767 N.Y.S.2d 814 (2d Dep't 2003). In *Anthony*, the Second Department held that §§ 2-104(B)(3) and 2-113 of the Town of North Hempstead Code (the "Code") were unconstitutional. Section 2-103 of the Code, which was not declared unconstitutional, prohibits an owner of a dwelling unit from renting such unit without a permit. Section 2-104(B)(3) mandated that the permit application contain "[t]he names, ages and relationships, if any, to the owner of the premises of each person presently residing in or occupying such premises intended for rental occupancy." 767 N.Y.S.2d at 815 (quoting Code). Section 2-113 required the owner of the dwelling unit to file a new rental registration form whenever a dwelling unit or portion thereof became vacant and the owner intended to rent the unit to a new tenant. *Id.*

The Second Department held that "Sections 2-104(B)(3) and 2-113 of the Code are unconstitutional because they limit the tenants' right to privacy and are not narrowly tailored to achieve the Town's compelling interest." *Id.* The court did not address Anthony's request that § 2-103 of the Code be declared unconstitutional, i.e., the section prohibiting an owner from renting without first obtaining a permit, as that argument was "made for the first time in their brief on appeal [and was therefore] not properly before th[e] court." *Id.*

In the instant case, Plaintiffs argue that although the Second Department did not

14

address the constitutionality § 2-103 of the Code, which mirrors the rental law at issue here, in declaring the other sections unconstitutional, they essentially also declared the permit requirement unconstitutional. Plaintiffs explain that under Southampton Town law, an owner such as MacPherson is required to provide the names of tenants in order to obtain a rental permit and will be denied a permit if he or she fails to provide that information. (*See* Pls.' Mem. in Opp'n at 1; *see also* First Am. Compl. ¶ 10(B).) Thus, if the section mandating that tenants' names be disclosed on a permit application is unconstitutional, then Plaintiffs argue, the section requiring a property owner to obtain a permit prior to renting is unconstitutional *ipso facto*. The Justices do not address this argument. The Court need not address this issue as it finds that Plaintiffs' claims for prospective declaratory and injunctive relief are barred for a separate reason not raised by the parties, to wit, under the *Younger* abstention doctrine.[6]

### C. *Younger Abstention*

To the extent Plaintiffs seek declaratory relief and an injunction staying the pending criminal adjudication by Justice Wilson in MacPherson's state case, the *Younger* abstention doctrine and its progeny prohibits this Court from exercising jurisdiction over this matter, which concerns an ongoing state-court proceeding. *See Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 100 (2d Cir. 2004) ("The doctrine established by *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its successors forbids federal courts from enjoining ongoing state proceedings."). *Younger* abstention is mandatory when: (1) there is an ongoing state proceeding; (2) an important state interest is involved; and (3) the plaintiff has an adequate opportunity for judicial review of his constitutional claims during or after the

---

[6] *See Younger v. Harris*, 401 U.S. 37 (1971).

15

proceeding. *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003). Abstention is inappropriate where "state law bars the effective consideration of [the] constitutional claims." *Id.* at 78.

Here, each of the three conditions is satisfied. First, Plaintiffs allege that the state-court proceeding is ongoing. Second, disputes concerning the ability of property owners to rent their property implicate important state interests. *Cf. Morpurgo v. Incorporated Village of Sag Harbor*, 2007 WL 3375224, at *14 (E.D.N.Y. Oct. 11, 2007) ("I find here that 'important' state interests are involved, namely, the ability of the state court to adjudicate the real property rights of common tenants in, inter alia, partition actions."), *Report and Recommendation adopted in relevant part*, 2007 WL 3355582 (E.D.N.Y. Oct. 11, 2007), *aff'd in part and vacated on other grounds*, 327 Fed. Appx. 284 (2d Cir. 2009) (unpublished opinion). Third, Plaintiffs have not alleged that the state court could not afford them the opportunity for judicial review of the constitutionality of the Town rental law. *See Spargo*, 351 F.3d at 79 ("The relevant question under *Younger* is whether the state's procedural remedies *could* provide the relief sought [not] . . . whether the state *will* provide the constitutional ruling which the plaintiff seeks.") (quotation marks and citation omitted). Accordingly, this Court must abstain from adjudicating Plaintiffs' claims concerning the ongoing Town Court proceeding.

## III. *The Justices' Motion for Rule 11 Sanctions is Denied*

The Justices move for sanctions under Rule 11. This motion is denied. The issues raised by Plaintiffs' claims are not as simple as the Justices would have this Court believe, as evidenced by the failure of the Justices to adequately address these claims in their brief. Accordingly, the Court finds that Plaintiffs' claims are not so frivolous as to warrant the

16

imposition the sanctions.

**IV.** *Plaintiffs are Granted Leave to Amend*

By letter dated June 30, 2008, Plaintiffs request permission to file a formal motion for leave to amend should the Court dismiss the pleading. Although the Court cannot fathom how Plaintiffs can cure the deficiencies in their pleading, given Plaintiffs' request, as well as the fact that in dismissing the First Amended Complaint, the Court relied upon case law and arguments not advanced by the parties, Plaintiffs' request is granted. Plaintiffs are cautioned, however, that any amendment is subject to scrutiny under Rule 11.

## *CONCLUSION*

For the foregoing reasons, the motion by the Justices to dismiss the First Amended Complaint is GRANTED. Accordingly, as against the Justices only, the First Amended Complaint is dismissed. The Justices' motion for sanctions is denied. Plaintiffs shall advise the Court, via letter to be filed on or before October 14, 2009, whether or not they intend

to move for leave to amend.

**SO ORDERED**

Dated: Central Islip, NY
September 30, 2009

/s_____
Denis R. Hurley,
United States District Judge